RECEIVED

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| **Kim N. Welton,** ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| v. ) | Civil Action No.: 3:10-cv-672 |
| ) | Plaintiff Demands Trial by Jury |
| **Nationwide Credit, Inc.**, a foreign corporation, ) | |
| and **GE Money Bank**, a foreign corporation, ) | |
| ) | |
| *Defendants.* ) | |

## COMPLAINT

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter, "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices and, in addition, state of Alabama common law claims for negligence, breach of contract, invasion of privacy and fraud (hereinafter "state claims").

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 15 U.S.C.§ 1681, and 28 U.S.C. §1367. Declaratory relief is available pursuant to 28 U.S.C. § 2201 and 2202. Venue in this District is proper in that Defendants' transact business and the conduct complained of occurred in Lee County, Alabama.

### III. PARTIES

3. Plaintiff Kim N. Welton (hereinafter, "Plaintiff") is a natural person of the age of majority

and residing in Lee County, Alabama. Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

4. Defendant Nationwide Credit, Inc. (hereinafter, "Defendant" or "Nationwide") is a corporation engaged in the business of collecting consumer debts in the state of Alabama. The principal purpose of Defendant is the collection of such debts using the mails and telephone. Defendant regularly attempts to collect debts alleged to be due another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6), and the *Code of Alabama*, §40-12-80.

5. Defendant GE Money Bank (hereinafter, "Defendant" or "GE") is a corporation engaged in the business of furnishing credit to "consumers" within the state of Alabama.

## IV. FACTUAL ALLEGATIONS

6. Plaintiff incorporates herein by reference each of the foregoing paragraphs.

7. Prior to April 2009, Plaintiff became indebted to GE for approximately $680.31.

8. On or about April 29, 2009, GE agreed to accept the sum of $544.25 in full satisfaction of account number 6303 1 1 14851 notwithstanding that the balance was approximately $680.31.

9. Shortly thereafter, on or about May 14, 2009, Plaintiff forwarded to GE a check for the agreed amount, $544.25, in full satisfaction of such indebtedness.

10. Despite such agreement and Plaintiff's fulfillment of her obligations thereunder, GE assigned, consigned, sold or otherwise transferred such account to Nationwide for the sole purpose of collection

.

11. On August 31, 2009, Nationwide forwarded to Plaintiff a demand letter stating that

   this is to advise you that your past due debt with the above creditor [GE] has been placed with us [Nationwide] for collection. All future payments must be made directly to our office. Your account is now past due and due in full. To settle this matter, you should send your payment for the above amount by check or money order. To be sure of proper credit, make your payment payable to JC PENNY CONSUMER.

12. Within its demand letter, Nationwide states that Plaintiff owes the sum of $136.06, or the amount of the original indebtedness of $680.31, less the settlement payment of $544.25.

13. Because Plaintiff's settlement check in the amount of $544.25 remitted on or around May 14, 2009 was deposited within GE's account prior August 31, 2009, Defendants either knew or should have known that Plaintiff's account had been settled in full.

14. Notwithstanding Plaintiff's numerous offers to resolve this matter without litigation, GE and/or Nationwide have failed and/or refused such offers thus necessitating the filing of this action.

## V. GENERALLY

15. Due to Defendants' harassing, illegal and abusive tactics, Plaintiff was forced to retain the services of an attorney to represent her in this matter.

16. The facts considered, Plaintiff assumes that Defendants will continue to pursue the alleged debt and, in addition, continue to violate the FDCPA and state law.

17. As a result of the acts alleged above, Plaintiff has suffered severe distress, mental anguish, headaches, embarrassment, loss of sleep, and was forced to hire the services of an attorney.

## VI. CAUSES OF ACTION

### COUNT I - DEFENDANT NATIONWIDE
### VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

18. Plaintiff incorporates herein by reference each of the foregoing paragraphs.

19. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

> a). Attempting to collect a debt not legally owed, using false and/or misleading representations, in violation of 15 U.S.C. §§ 1692e(2), 1692e(5), and 1692e(10);
>
> b). Taking illegal actions against Plaintiff in violation of 15 U.S.C. §§ 1692f(1); and
>
> c.) reporting the debt within Plaintiff's credit reports in violation of 15 U.S.C. 1692b(2), 1692e(3) and 1692e(8).

20. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, compensatory damages, statutory damages, costs and attorney's fees.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for the following:

> a. Declaratory judgment that Defendant's conduct violated the FDCPA;
>
> b. Actual and compensatory damages;
>
> c. Statutory damages pursuant to 15 U.S.C. § 1692k;
>
> d. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and,
>
> e. For such other and further relief as the Court may deem just and proper.

## COUNT II - DEFENDANTS GE AND NATIONWIDE
## NEGLIGENCE

21. Plaintiff incorporates herein by reference each of the foregoing paragraphs.

22. Defendants had a duty to ensure that Plaintiff was indebted to GE prior to commencing and/or causing to be commenced collection efforts against Plaintiff. Furthermore, Defendants had a duty to refrain from engaging in collection efforts on a previously settled account.

23. Defendants breached such duties of care. More specifically, GE assigned, consigned, sold or otherwise transferred Plaintiff's previously settled account to Nationwide for the sole purpose of collection thereof. In addition, Nationwide, for the benefit of itself and GE, has attempted and continues to attempt to collect such alleged indebtedness. Moreover, Defendants knew or should have known that, because of the settlement agreement, Plaintiff was no longer indebted to GE.

24. As a proximate consequence of Defendants' negligence, Plaintiff has been embarrassed, humiliated, emotionally distressed and, in addition, forced to retain the services of an attorney to prosecute this matter.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants, jointly and severally, for the following:

    a.    actual damages;

    b.    compensatory damages; and,

    c.    For such other and further relief as the Court may deem just and proper.

## COUNT III - DEFENDANT GE
## BREACH OF CONTRACT

25. Plaintiff incorporates herein by reference each of the foregoing paragraphs.

26. As stated hereinabove, Plaintiff and GE entered into a contract whereby GE agreed to accept a certain sum as settlement in full of Plaintiff's indebtedness to GE.

27. Plaintiff fulfilled her obligations under the agreement by remitting to GE the agreed upon amount.

28. Notwithstanding the remittance of Plaintiff's payment and acceptance thereof by GE, such account was not closed but rather transferred to Nationwide for the sole purpose of collection.

29. GE acted wilfully and maliciously with the intent to injure Plaintiff.

30. As a proximate consequence thereof, Plaintiff has been deprived of the benefit to which she was entitled under the agreement.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for the following:

    a. Actual and compensatory damages;

    b. Punitive damages; and,

    c. For such other and further relief as the Court may deem just and proper.

## COUNT IV - DEFENDANT GE
## FRAUD

31. Plaintiff incorporates herein by reference each of the foregoing paragraphs.

32. GE represented to Plaintiff that, upon receipt of payment in the amount of approximately $544.25 on Plaintiff's behalf, GE would recognize such account has having been settled

in full.

33. GE intended for Plaintiff to rely upon such representations. Indicative of Plaintiff's reliance on GE's representation is the remittance of her settlement check.

34. As a proximate consequence of GE's misrepresentation and fraudulent behavior, Plaintiff has been humiliated, embarrassed, emotionally distressed, suffered loss of sleep, suffered loss of money and, in addition, forced to hire the services of an attorney to defend this matter.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for the following:

a. Actual and compensatory damages;

b. Punitive or exemplary damages; and

c. Such other and further relief as this Court may deem just and proper.

**RESPECTFULLY SUBMITTED** this the 6th day of July, 2010.

/s/ Anthony B. Bush
Anthony Brian Bush (BUS028)
*Attorney for Plaintiff*
**Lewis, Bush & Faulk, LLC**
400 South Union Street, Suite 230
Montgomery, Alabama 36104
Phone:(334) 263-7733
Facsimile:(334) 832-4390
Bar Id. #: ASB-7306-A54B

**DEFENDANTS MAY BE SERVED AT THE FOLLOWING ADDRESSES:**

**NATIONWIDE CREDIT, INC.**
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104

**GE MONEY BANK**
c/o The Corporation Company
2000 Interstate Park Dr Ste 204
Montgomery, AL 36109